UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOANNE BLAREK,

      Plaintiff,

    v.                                       Case No. 06-C-0420

ENCORE RECEIVABLE
MANAGEMENT, INC.,

      Defendant.

**ORDER ON THE PARTIES' VARIOUS MOTIONS**

      Currently pending before this court are a series of inter-related motions/requests for relief filed by defendant Encore Receivable Management, Inc. ("Encore") and plaintiff Joanne Blarek ("Blarek"). They are: (1) Encore's motion for summary judgment, (2) Blarek's motion to deny without prejudice Encore's motion for summary judgment and to bar Encore from filing a renewed motion for summary judgment until the close of discovery, or in the alternative, for an enlargement of time to respond to Encore's motion for summary judgment, and (3) Encore's renewed motion to stay class certification.

      At the Rule 16 scheduling conference which was conducted on June 13, 2006, the court denied Encore's motion to bifurcate discovery and to stay class certification. Encore has now filed a renewed motion seeking essentially the same relief that it sought at the scheduling conference, but this time it has done so on the heels of filing its motion for summary judgment. Encore's motion to stay class certification will be denied. First of all, no motion for class certification has yet been filed. Moreover, the plaintiff should be allowed a reasonable amount of time to conduct discovery

prior to making a decision as to whether a motion for class certification should even be filed.

I also believe that the plaintiff should be allowed a reasonable amount of time to conduct discovery and to assemble evidence so that she might be able to file a meaningful response to the defendant's quickly-filed motion for summary judgment. Indeed, Encore's motion for summary judgment was filed a mere 31 days after the initial Rule 16 scheduling conference (and only one day after the Fed. R. Civ. P. 26(a) initial disclosures were to be made by the parties). For that reason, and in accordance with her request (which I deem to be reasonable) the plaintiff will be granted 120 days from the date of this order to file her response to the defendant's motion for summary judgment. The plaintiff's response shall comply with the provisions of Civil L.R. 56.2(b). The defendant's reply shall thereafter be filed in accordance with Civil L.R 56.2(c). In the interim, the parties shall proceed with discovery.

**NOW THEREFORE IT IS ORDERED** that plaintiff Blarek's motion to deny without prejudice Encore's motion for summary judgment and to bar Encore from filing a renewed motion for summary judgment until the close of discovery, or in the alternative, for an enlargement of time to respond to Encore's motion for summary judgment be and hereby is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that within 120 days of the date of this order, the plaintiff shall file her response to the defendant's motion for summary judgment, which response shall comply with the provisions of Civil L.R. 56.2(b);

**IT IS FURTHER ORDERED** that the defendant shall thereafter file its reply in accordance with Civil L.R 56.2(c);

**IT IS FURTHER ORDERED** that defendant Encore's renewed motion to stay class certification be and hereby is **DENIED**.

**SO ORDERED** this <u>18th</u> day of August 2006, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge