UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOANNE BLAREK,

      Plaintiff,

      v.                                  Case No. 06-C-420

ENCORE RECEIVABLE MANAGEMENT, INC.,

      Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY CLASS**

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On April 5, 2006, the plaintiff, Joanne Blarek ("Blarek"), filed a single count complaint against the defendant, Encore Receivable Management, Inc. ("Encore"), alleging that a debt collection letter sent from Encore to Blarek violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Blarek alleges that the debt collection letter made a false representation, in violation of 15 U.S.C. § 1692e, and failed to state the name of the creditor, in violation of 15 U.S.C. § 1692g(a)(2). Specifically, Blarek alleges that Encore violated 15 U.S.C. §§ 1692g(a)(2) and 1692e by stating in its validation letter that the creditor was "HSB/" rather than "Citibank USA, N.A."

On April 13, 2007, the plaintiff filed a motion to certify a class in this action. The plaintiff seeks certification of a class consisting of "(a) all natural persons (b) who were sent a collection letter asserting a debt owed to "HSB/", (c) seeking to collect a debt for personal, family or household

purposes, (d) on or after April 5, 2005, (e) that was not returned by the postal service." (Pl.'s Mot. at 1.) The plaintiff's motion for class certification is now fully briefed and ready for resolution.

## II. DISCUSSION

There are four threshold requirements applicable to class certification. They are that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Once numerosity, commonality, typicality, and adequacy of representation are satisfied, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, the applicable provision is Rule 23(b)(3), which requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The party seeking class certification bears the burden of showing that certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

**A. Numerosity**

The requirement of numerosity is not included in the defendant's grounds for opposition. In general, for classes numbering at least 40 joinder is considered impracticable. *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969). Here, Encore has admitted that the size of the putative class is 263 individuals. Joinder of the number of litigants disclosed by the defendant would be impracticable. Accordingly, the plaintiff has satisfied the numerosity requirement.

**B. Commonality**

The commonality requirement of Rule 23(a)(2) is usually satisfied when there exists "[a] common nucleus of operative fact." *Rosario*, 963 F.2d at 1018 (citation omitted). Furthermore, "[c]ommon nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted).

In the case at hand, Encore engaged in standardized conduct by mailing to the proposed class members allegedly illegal form letters. Thus, there exists a common nucleus of operative fact. Accordingly, the commonality requirement is satisfied.

**C. Typicality**

The Rule 23(a)(3) typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Moreover, "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *Id*.

Here, the plaintiff's claim arises from the same course of conduct which gives rise to the other class members' claims. Namely, Blarek and each of the proposed class members has received a form letter asserting a debt owed to "HSB/." Furthermore, each class member's claim relies on the same legal theory under the FDCPA; specifically, that the form letters were false, misleading or

3

confusing, and failed to state the true name of the creditor. I am therefore satisfied that Blarek's claim is typical of the claims of the class members.

Encore argues that Blarek fails to satisfy the typicality requirement because she has presented no evidence in support of the proposition that anyone other than the plaintiff thought the letter was confusing, or thought that "HSB/" was not the name of the creditor. Moreover, Encore contends that Blarek has a defense unique as to her because she discharged her debt in bankruptcy.

Encore's argument that lack of proof of confusion on the part of other class members destroys the required typicality is unavailing. Statutory damages under the FDCPA do "not depend on proof that the recipient of the letter was misled." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The only proof requirement is violation of the statute, and "whether a debt collection letter violates the law is determined according to the unsophisticated consumer standard, and thus it is not necessary to even show that Plaintiff read the letter or was confused by it." *Mendez v. M.R.S. Assocs*.,2004 WL 1745779 at *5 (N.D. Ill. 2004) (citing *Bartlett*, 128 F.3d at 499-500). Here, Blarek is seeking only statutory damages on behalf of the class, and thus the plaintiff and the class members are not required to show they were personally confused by the letter.

Moreover, Blarek's discharge of her debt in bankruptcy does not destroy typicality. Blarek and the other class members' claim is that the form letters were false and failed to state the true name of the creditor. The amount of Blarek's exposure on the underlying debt does not impact the question of whether the language in the debt collection letter violated the FDCPA. *See McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (given that "debt" is defined in the Act as "any obligation or alleged obligation of the consumer to pay money," "[t]he Act makes debt collectors

4

liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *see also Baker v. G.C. Serv. Corp.*, 677 F.2d 775, 777 (9th Cir.1982).

Moreover, and as discussed above, whether the form letters were false and failed to state the true name of the creditor is determined according to the unsophisticated consumer standard. The unsophisticated consumer standard does not take into account the plaintiff's individual experiences with the letter, including whether she knew that the underlying debt was void when she received the letter.

**D. Adequacy**

Rule 23(a) requires the class representatives to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy requirement is composed of two parts: "'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Moreover, "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Id*. "A class may not satisfy the requirements of Rule 23(a)(4) if the class representative does not 'possess the same interest and suffer the same injury as the class members.'" *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). Thus, the court must ensure that "there is no inconsistency between the named parties and the class they represent." *Id*. (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).

Finally, a class representative must be a "conscientious representative plaintiff." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). In order to meet this standard, "a class representative need only possess general knowledge of the case and participate in discovery."

5

*Thompson v. City of Chicago*, 2002 WL 1303138 at *6 (N.D. Ill. 2002). "There is no requirement that the representative plaintiff be knowledgeable of either the allegations or the legal theories on which the lawsuit rests." *Paper Sys., Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 609 (E.D. Wis. 2000).

As an initial matter, the plaintiff's counsel is adequate. The law firm representing the plaintiff, Ademi & O'Reilly, LLP, has considerable experience in consumer and class action litigation. Furthermore, there are no antagonistic or conflicting claims between the named plaintiff and the class members. All seek statutory damages for identical alleged violations of the FDCPA.

However, the defendant argues that Blarek is not a conscientious representative plaintiff because of her lack of activity in her role as class representative, lack of knowledge about her claims and remedies, and lack of awareness of the course of litigation. Specifically, Encore argues that Blarek's only activity in this case has been to speak with her attorney, give a deposition, and possibly review the Complaint before it was filed.

Encore's argument is unavailing. "[I]n demonstrating a class representative's adequacy, the burden is not a heavy one." *Ries v. Humana Health Plan, Inc.*, 1997 WL 158337 at *9 (N.D. Ill. 1997). The Seventh Circuit has stated that

> [the] class representative's role is limited. It was found not to be enough to defeat a class certification in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366, 15 L. Ed. 2d 807, 86 S. Ct. 845 (1966), that the named plaintiff did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants.

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

6

Given this low standard, facts relating to lack of knowledge of the litigation "are entitled to little weight . . . when assessing adequacy of representation." *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 318 (N.D. Ill. 1995). In *Gammon*, the court found that the adequacy requirement was satisfied even though the plaintiff could not remember if he had reviewed the complaint before it was filed, was unable to respond appropriately to a question about whether he had participated in discovery, incorrectly believed that the defendant was paying his legal fees, did not know the damages each class member would receive should he prevail, was surprised when informed that there would be minimal damages, and believed his duties as class representative only entailed "go[ing] to court . . . [and] on the witness stand and things like that." *Id*.

To be sure, the plaintiff's answers in her deposition indicate some lack of knowledge of the litigation. However, despite her minimal understanding of the case, the plaintiff meets the low burden for demonstrating her adequacy as a class representative. Blarek knows that the claim is based on the letter she received which indicated she owed debt to "HSB/," that she is suing Encore because the letter failed to state the name of the creditor to whom her debt was owed, and that this action does not seek actual damages. The plaintiff is also aware of her duties as class representative, and has participated in discovery and been cooperative in preparing for deposition. Given the minimal role played by individual plaintiffs in FDCPA cases, Blarek's lack of specific knowledge will not create due process concerns for the potential class members. The primary requirement for a plaintiff in an FDCPA case is that she have received the letter in question. Her knowledge of the specifics of the claim is immaterial to the litigation of the case.

7

**E. Rule 23(b)**

After satisfying the prerequisites to class certification, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario*, 963 F.2d at 1017. The plaintiff relies on Rule 23(b)(3). In order to qualify for certification under Rule 23(b)(3), the court must be satisfied that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In making predominance and superiority determinations, the court should assess "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id*.

Rule 23(b)(3)'s dominant purpose is "vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). As explained by the Seventh Circuit: "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her

case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

The proposed class in the case at hand meets the requirements of Rule 23(b)(3). First, common questions of law and fact predominate over any individual questions. All class members received a form letter indicating that the creditor was "HSB/," and the legal determination of whether this letter violated the FDCPA will occur without regard to individual experiences. Furthermore, a class action is superior to other alternatives for the fair and efficient adjudication of this controversy. The case at hand appears to contain the exact problems the class action mechanism was intended to redress. There are many plaintiffs with small claims for statutory damages, limited to between $100 and $1000. This nominal financial reward is unlikely to provide enough incentive to bring a solo suit. Even if $1000 is considered substantial, the unsophisticated consumers that the FDCPA was intended to protect are unlikely to be aware of their rights or be willing to subject themselves to the burdens of an individual lawsuit.

Encore argues that the question of whether the letter violated the FDCPA poses a question of fact, and that in order to determine if common questions of law and fact predominate over any individual questions, there must be an account-by-account analysis to determine if each debtor was confused by Encore's letter. (Def.'s Br. at 4.)

Encore cites *Turner v. J.V.D.B. & Assocs.*, 330 F.3d 991 (7th Cir. 2003), to support its argument. In *Turner*, the plaintiff sued under § 1692e and f, claiming that he had received a debt collection letter seeking to a collect a debt which had been discharged in bankruptcy. *Id*. at 994. The case was appealed twice and remanded twice. On the second remand, the Seventh Circuit instructed

9

that a trial was necessary to determine "whether [the defendant's] letter to [the plaintiff] implied to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable." *Turner v. V.D.B. & Assocs*, 202 Fed. Appx. 123, 125 (7th Cir. 2006).

Encore also notes that this court, in its March 27, 2007 Decision and Order, stated that there was a genuine issue of material fact as to whether the use of the acronym "HSB/" would "cause an unsophisticated consumer to be confused as to the identity of the creditor" in violation of § 1692g(a)(2), or constitute a false representation misleading to an unsophisticated consumer in violation of § 1692e(10). *Blarek v. Encore Receivable Mgmt.*, 2007 U.S. Dist. LEXIS 22549, *50 (E.D. Wis. 2007).

However, as discussed above, statutory damages under the FDCPA do not depend on evidence that the recipient of the letter was confused. Rather, and as noted by this court and the court in *Turner*, the issue of whether Encore's letter violated the FDCPA is determined under the hypothetical "unsophisticated consumer" standard. Although the claims of Blarek and the other potential class members may present questions of fact, these factual questions relate to whether the letter was false or misleading to an unsophisticated consumer. Proof of actual confusion on the part of Blarek or any other potential class member is not a required element for statutory damages under § 1692g or e, and, thus, questions of fact which relate to each individual's actual confusion are largely irrelevant.[1] Under the unsophisticated consumer standard, the relevant legal and factual questions are identical for any potential plaintiff that received the letter at issue, regardless of

---

[1] Evidence of actual confusion on the part of a plaintiff may provide some extrinsic evidence to support the proposition that the hypothetical unsophisticated consumer would be confused. However, evidence that an individual plaintiff was or was not confused by the letter is not determinative as to whether an unsophisticated consumer would be confused.

10

whether that particular plaintiff was confused by the letter.  Such being the case, I am satisfied that common questions of law and fact predominate over any individual questions.

The plaintiff has satisfied the requirements of Rule 23(a) and 23(b)(3).  In conclusion, and for all of the foregoing reasons, the plaintiff's motion to certify a class will be granted.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to certify a class be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and hereby is **CERTIFIED**:

> (a) all natural persons (b) who were sent a collection letter asserting a debt owed to "HSB/", (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 5, 2005, (e) that was not returned by the postal service.

**SO ORDERED** this 8th day of August 2007, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

11

Case 2:06-cv-00420-WEC   Filed 08/08/07   Page 11 of 11   Document 67